**UNITED STATES of America, Plaintiff,**

v.

**FLOWER AVIATION OF KANSAS, INC., et al., Defendants.**

**No. 94–4037–RDR.**

United States District Court, D. Kansas.

Feb. 2, 1995.

Melanie D. Caro, Office of U.S. Atty., Topeka, KS, Louise E. Hansen, Defense Fuel Supply Center Office of Counsel, Alexandria, VA, for plaintiff.

Louis F. Eisenbarth, Michael E. Francis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on the defendants' Motion for an Order for Reimbursement of Copying Expenses. (Doc. 31.) The plaintiff has filed a timely response. A reply has not been filed. The court is now prepared to rule.

On January 29, 1992, and February 27, 1992, the government obtained search warrants issued from the United States District Court for the District of Kansas and which were in due course executed on the premises of the defendant Flower Aviation of Kansas, Inc. As a result of the execution of the search warrants, certain business records of defendant Flower Aviation of Kansas, Inc., were seized by agents of the plaintiff. These records have remained in the custody of the plaintiff from the date of seizure to the present time. Thereafter, on March 10, 1994, this action was filed under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and for violations of various gratuities statutes. After this action was filed, the plaintiff permitted defendants' counsel to inspect certain of the documents held in the plaintiff's possession. In July 1994, defendants copied certain of these documents expending the sum of $4,555.34 in copying charges and the additional sum of $2,107.81 in payment of an employee, with her expenses, to oversee the copy of the documents. The defendants now move for an order for reimbursement of these copying expenses.

The defendants' brief argument simply claims that all of the documents copied were originals of documents owned by defendants, but in the custody of the plaintiff who would not relinquish the originals to the defendants because of the pending investigation arising out of the execution of the search warrants. Defendants argue that since the plaintiff has retained custody of the defendants' documents, and refuses to release them or to provide copies, that the plaintiff should reimburse the defendants for the expenses they incurred in obtaining copies of their own documents. The defendants cite no legal authority upon which the court could enter such an order and the court is aware of none.

While the court does have broad discretion in the supervision of discovery, there are no provisions within the Federal Rules of Civil Procedure for the shifting of the costs and expenses of discovery as is suggested here. Had the matter been presented to the court prior to the time the defendants incurred the costs, the court could have entered discovery orders which did consider how the costs were to be born. But defendants did not seek relief from the court prior to incurring and paying the expense. Defendants' motion is overruled.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.